THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
(ABILENE DIVISION)

JUAN ALBARADO,
CID # 0145 2106, (PRO SE)
PLAINTIFF.

v.

TDCJ - CID, AGENCY,
"Bobby Griffin", Disc. Cpt.
RESPONDENTS.

Civil Action No. 1-18CV-128 C

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX.
FILED
2018 AUG 23 AM 9:36
DEPUTY CLERK ___

18 U.S.C. § 1505 OBSTRUCTION OF JUSTICE
18 U.S.C. § 241 CONSPIRACY AGAINST RIGHTS
TITLE 42 U.S.C. § 1983 SUIT TO RETAIN RIGHT
TO ADEQUATE ACCESS TO THE COURTS IMMEDIATELY

TO THE HONORABLE SAM CUMMINGS, SENIOR JUDGE.

NOW COMES JUAN ALBARADO, CID # 0145 2106, PRO SE, and would show the Court the following in his §1983 Action to obtain prompt declaratory and injunctive relief:

\* JURISDICTION \*

IN May, 2018, Plaintiff/Petitioner, Juan Albarado, CID #0145 2106, was instructed by Judge Sam Cummings to file a §1983 Complaint to present his claims to the Court. Under 28 USC § 1331, & § 1651, as well as Art. 3 & Art. 6 of the U.S. CONST. this Court has jurisdiction to hear this case.

\* VENUE \*

Plaintiff/Petitioner, Juan Albarado, CID #0145 2106 is a resident of Abilene, Taylor County, Texas. Currently being illegally confined and restrained at the GIB LEWIS Facility in Woodville, TX. Because of Plaintiff's residency

1.

This is the proper venue for this action.

## * EVIDENTIARY HEARING *
## REQUESTED

---

## * JURY TRIAL REQUESTED *

---

## * RELIEF REQUESTED *

→ 1) Plaintiff/Petitioner, Juan Alvarado, CID #01452106, requests an order of the Court declaring that he has a 1st ~~Amendment~~ Amend. Right to <u>(Adequate) Access to the Courts</u>, as well as an Equal Protection & Due Process Right to same, Ordering a <u>(Temporary Restraining Order)</u>;

→ 2) Plaintiff further requests the Court to declare that the Agency's disciplinary procedures in this case do not meet Constitutional Standards of 14th Amend. Due process & <u>(Equal Protection)</u>, and constitute an 8th Amend. violation of cruel & inhumane punishment. ~~[scratched out text]~~

→ 3) <u>Plaintiff housed back on J.K.L., as a full G2-Line-One custody</u>

## * Complaint *

1. All this stems from an incident that occured on May 7th, 2018. Under the Gib Lewis Administration of Tommie Haynes. (See Appendix, Ex. #1).

2. On May 7th, 2018, Plaintiff/Petitioner had been <u>major/minor (case free)</u> for over (15 months).

2.

He was housed in (J. Loope RC-ZJH) where (J. Loope RC-ZJH) event. The Unit workers and (privileged offenders) are housed. He was a (G2/Line-one custody). With access to the law library's (books), offender telephone system, Fellowships and congregational prayers with the Islamic Community, Dayroom & outside recreation with weights.

3. On May 7th, 2018, the referenced false charge for possession of contraban was levied against applicant. But the (cell phone) that was located on offender Francis was not turned over to the O.I.G. (See App. Ex. #1).

4. As a Result of the false possession charge Juan Albarado lost all of his (G2-Line one "time earning" privileges). As stated in the Step One Grievance, (none) of the Agency guidelines for the preservation and presentation of evidence were followed. Applicant was found guilty in (Bobby Griffin's Court) without any affirmative finding or presentation of any of the alleged illegal contraban.

5. This is not the first time an incident like this has occured (in Bobby Griffin's Court). This is no isolated incident. In 2017 a similar situation occured where applicant was (not) afforded the benefit of the chapter 6 guidelines in the TDCJ Disc. Rules. (See App. Ex. 2).

6. Applicant spent a whole year in "G5-High Security" in 2017 as a Result of the above. In "G5-High Security" offenders are confined in their cell 24/7 with a cellmate. The food and water is contaminated. The most basic and fundamental protections of 8th Amend Human Dignity and 14th Amend Equal protections are non-existant. Further, the conditions violate Applicant's Treaty protections in Art. 9 & 22 of the Treaty of Guadalupe Hidalgo

3.

7. Applicant, Juan Alvarado, is a (Balli heir). Within a week or two of a phone conversation with other heirs to the Balli Estate over the offenders phone system; A conversation that revealed attorneys involved in the (Island litigation) were recieving privileged legal information; a campaign was waged against your applicant until he was placed back in High Security as a G5 offender with no privileges. No Access to the law Library. No telephone privileges. No freedom of movement. No access to my Family. Black mold in the cells...

8. In G5 High Security Applicant is being limited to (3 items) at a time, (3 times) a week, from the Unit law library delivery service. "3 cases" at a time, or "One case", with a couple of sections from the Texas digest at a time... (No Access) to the historical precedent needed to conduct "basic" research from the late 18th & early 19th Century State & Federal Court rulings about the Padre Island litigation... (No Access) to Rules of Admiralty or U.C.C. Guidelines. All needed to comply with the court's order in Cause No. B:18-cv-123, (due Aug. 30, 2018).

9. Applicant is indigent, pursuing his Right to his intrest in the Island (alone)... cut-off from the world!!! With no money for an attorney. The very limited supplies alloted to applicant thru indigent supplies are mostly used for his legal activities. Compiling notes, drafting papers. All resources are scarce, or non-existent, or inadequate in G5 High-Security. The Disciplinary Captain at the Gib Lewis Unit, (Bobby Griffin); the same officer who routinely denies inmates their basic & fundamental "liberty-interest" protections, Equal protections, and TDCJ guideline protections; He called the High Security facility

4.

"Jarassic Park & The Land of the Lost". He uses this High Security setting as a his personal dungeon. Denying inmates a panoply of basic fundamental and human rights, at his whim and fancy, every day.

10. Law Library Clerk Mr. Russell will verify that during one of my allotted sessions at the law library in (late April or early May 2018), "Bobby Griffin" entered the law library and approached me in a violent and threatening manner. "Bobby Griffin" is the unit's "Disciplinary Captain". He followed me into the law library, watched me sit quietly and conduct my research. Why the "Disciplinary Captain" was in the Law Library Department at the time of my session, i can only speculate?!? And it was not long after this incident the false charges were levied against me and i lost my ~~[illegible]~~ (privileged housing on J.K.L).

11. Petitioner asserts that there is some type of connection between the (recorded & monitored) phone conversation about the Padre Island litigation (i.e. applicant's legal activities concerning the Island), and his current confinement in this G5 High Security setting where he has no adequate means to pursue these legal claims, (i.e. legal activities). I believe I was placed back here to hinder & restrict me in my legal efforts.

12. Even if there is no connection between that (monitored and recorded) conversation and your plaintiffs current assignment in G5 High Security. The process utilized to strip applicant of his (Line-Class /time-earning-status) and "G2 privileges," does not meet the constitutional criteria where Agency guidelines on the preservation of evidence were not followed in multiple

5.

cases. <u>And where there was no U.C.C. (Unit Classification Hearing) held on the date that applicant was assigned to the G5 High Security block. No U.C.C. Hearing was held. No waiver was signed.</u> Despite Agency Policy in the TDCJ Classification Manual (Rev. April, 2018). Which states that inmates have a right to a (hearing), and to be (present at the hearing), and to (submitt documentation). Applicant was "<u>not</u>" afforded these rights when he was assigned to G5 Custody.

13. <u>My (Step 2 Grievances) have not been returned.</u> I have no original copy of my (Step 1 Grievances) because they were turned in with my Step 2's. <u>(The New Warden) will not respond to any of my pleas or inquiries.</u>

14. Plaintiff asserts that his Agency remidies are inadequate in the present case because the Judge in Brownsville at the U.S. Dist. Court has ordered petitioner to submitt his Brief (by Aug. 30th) in Cause No. B:18-cv-123. <u>Immediate injunctive relief is needed in this case, with a Temporary Restraining order, until trial.</u>

15. There is no way for applicant to meaningfully and adequately conduct and complie the research he needs to comply with the above referenced Court order in this High Security setting. Applicant has no physical access to the law library. In addition to the "<u>3 item limit.</u>" TDCJ offenderes cannot access Admirlty & U.C.C. Rules. Nor can we access any case-law prior the 1960's, and no (Dist. Ct. opinions), such as cases (<u>needed</u>) like, (Grisanti v. Am. Trust. Co. of N.J., No. 18--

6.

(C.C. SC No. 1150-RC-ZJH), and handed down to 515, (103rd Dist. Ct. Cameron County, TX. 6-29-1928). Because the Treaty with Mexico is being cited, access to Maritime/Admiralty Rules are needed. TDCJ inmates are not provided access to these legal prescriptions. Finally, it is common knowledge that the port industries (connected to the Island) deal with some of the Biggest commercial transactions on the planet in the crude oil dealings (today) and for the past 100 (plus) years... Applicant needs access to Uniform Commercial Code Guidelines in order to meaningfully litigate these claims in Court.

16. On 12-1-17, a legal mailing containing documents similar to the ones filed in this Court in (June of this year), were mailed to the "Clerk" for the Court in Cameron County, Texas. (See App. Ex # 3). No documents were ever filed, despite being sent sealed & logged-out in TDCJ files. No documents were ever returned.... (Somehow, attorney's involved in the Island litigation obtained knowledge of my filing in 2017, Dec. at the Cameron County Clerk).

17. In closing, Applicant is (alone)... (on his own)... No access to Family! No meaningful access to the legal materials needed to properly pursue his legitimate interests to Padre Island. The proper Agency and constitutional guidelines were "not" afforded to applicant in placing him in his current conditions of restraint. Further, his confinement and the overall conditions of his restraint violate the Treaty protections afforded him as a Balli heir.

7.

# * PRAYER FOR RELIEF *

Accordingly, Plaintiff/Petitioner prays for the issuance of a (temporary restraining order) with a declaration for injunctive relief until these matters can be brought before a jury.

1) The issuance of a temporary restraining order ordering that applicant be allowed (physical access) to the law library with access to the "historical-precedent" needed, as well as the Maritime/Admiralty and U.C.C. rules needed to provide applicant with "adequate/meaningful" (Access to the Courts) for him to comply with the Court's order in Cause No. 8:18-cv-123, (due Aug. 30, 2018), effective immediately;

2) That applicant be restored to his G2-Line One custody level & placed back on the privileged J.K.L Building immediately. (In the same cell J-2-12);

3) That applicant be free from harassment and all forms of retaliation for pursuing his legal activities.

4) That a hearing and a trial date be set to establish the facts and negotiate a settlement if any for the constitutional & Treaty violations described above.

8.

Respectfully Submitted,

Juan Alvarado
CID # 0145 2100
Gib Lewis Unit
777 F.M. 3497
Woodville, TX. 75990

### * VERIFICATION *

I, Juan Alvarado, do declare under penalty of perjury that the above and fore-going is true and correct to the best of my knowledge and belief. Executed on this 20th day of Aug. 2018.

X _Juan Alvarado_ 8/20/18
(Illegal State Prisoner), pro se.

### * INDEX OF APPENDIX *

The following items are being submitted to substantiate the claims presented here in:

Ex. #1.... Copy Step One Grievance (2018)

Ex. #2.... Copy Two Step One Grievance (2017)

Ex. #3.... Date (legal Mailing) "logged-out" to Cameron County, TX. (Clerk).




RECEIVED
AUG 2 3 2018
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Juan Alvarado
#04152106
Gib Lewis Unit
777 F.M. 3497
Woodville, TX. 75990

Legal Mail

U.S. Dist. Ct.
Nor. Dist. of Tex.
341 Pine St. Rm 2008
Abilene, TX. 79601